In the Matter of the Application of BRITTING & STANZ, INC., and the BANK OF WILLIAMSVILLE, Petitioners, for an Order Directing DENNIS B. MOYNEHAN and Others, Water Commissioners of Long Lake Water District No. 2, to Pay to Said Bank Certain Moneys in the Hands of Said Water Commissioners to the Credit of Said BRITTING & STANZ, INC.

Supreme Court, Erie County, April 8, 1932.

*Carlton E. Ladd,* for the petitioners Britting & Stanz, Inc., and the Bank of Williamsville.

*Cross & Cross [J. Theodore Cross* of counsel], for Board of Water Commissioners of Long Lake Water District No. 2 in the town of Long Lake, Hamilton county, N. Y., the supervisor of the town of Long Lake, Hamilton county, New York, Peter Boudreau, Raquette Lake Supply Company and Benedict Lahey, lienors.

HARRIS, J.   This is an application made by certain respondents herein to this court for an order vacating the previous order of this court, which previous order was made *ex parte* and provided that the respondents, the water commissioners and the supervisor, pay over certain funds to the petitioners, Britting & Stanz, Inc., and Bank of Williamsville.

Such *ex parte* order, which it is now sought to vacate, was made upon a petition which, in substance, recited that the said Britting & Stanz, Inc., entered into a certain contract with the above-named water commissioners for the construction of a certain dam and reservoir site for the said Long Lake Water District No. 2, and that the said Britting & Stanz, Inc., had, in all respects, complied with the terms of said contract and that by reason of such compliance, there was due the said Britting & Stanz, Inc., from the said water commissioners full payment of the contract price and the cost of extras less payments previously made thereon and that for the purpose of financing and paying for the labor performed and the materials furnished by said Britting & Stanz, Inc., in reference to such contract, the said Britting & Stanz, Inc., did borrow from the said Bank of Williamsville various sums of money, and that when such sums of money were borrowed said Britting & Stanz, Inc., executed and delivered to said bank on the occasion of receiving each installment of said moneys from such bank an assignment in writing of the moneys due or to become due from the said water commissioners to said Britting & Stanz,

Inc., on the above-described contract and that such assignments were duly and legally filed with the proper persons and departments at the times and in the places provided by law, and that alleged liens have been filed by other persons, firms and corporations against the said funds.

Such petition was presented and the *ex parte* order hereinbefore referred to was granted as coming within the provisions of subdivision 6 of section 21 of the Lien Law (as amd. by Laws of 1930, chap. 859, § 12), which subdivision reads as follows: " 6. Where a contractor has to his credit with the state or with a municipal corporation, a sum of money by reason of an estimate due and payable to him, and where payment of such estimate is withheld because a notice of lien has been filed against his interest in said money, and where said money is in excess of the amount claimed in the notice of lien, the contractor may apply without notice to the supreme court of this state or to any justice thereof or to the county judge of any county, for an order directing the comptroller of the state or the financial officer or person with whom the lien is filed, to retain from such estimate a sum of money, which shall not be less than the amount claimed by the lienor, with interest thereon for one year and such additional amount as the justice deems sufficient to cover all costs and expenses and to immediately pay over the balance of such estimate to the contractor. The amount so retained shall be held by the comptroller or such financial officer or other officer or person until the lien is discharged as otherwise provided in this section. The application for the order may be made upon a verified petition or upon other written proofs showing a proper case therefor."

The question before the court on the present motion is as to whether or not the *ex parte* order above referred to was granted on the presentation of facts sufficient to warrant the granting of such *ex parte* order. In order to determine this question it is necessary to discuss the origin and meaning, as this court views it, of such subdivision 6, section 21 of the Lien Law. Such subdivision 6 of section 21 was part of an effort made by the Legislature to liberalize the Lien Law as it existed prior to certain amendments made in 1929 and 1930 and should be construed from the viewpoint of the action of the Legislature as shown by section 23 of such Lien Law:

" § 23. Construction of article. This article is to be construed liberally to secure the beneficial interests and purposes thereof. A substantial compliance with its several provisions shall be sufficient for the validity of a lien and to give jurisdiction to the courts to enforce the same."

As this court views it, the object of the Legislature in enacting subdivision 6 of section 21 was to prevent materialmen and employees from filing illegal or unfair liens for the purpose of holding up the payment to the contractors of moneys due under contracts and thus to avoid such contractors getting into financial difficulties on account of such unfair and illegal liens. However, there is no indication even in this subdivision or in any other portions of the Lien Law that the Legislature intended that assignees of moneys from contractors should have the benefit of such subdivision 6, section 21. Under the Lien Law, assignees of moneys owing contractors are protected if they have received properly executed assignments and have properly filed assignments, and in certain cases lienors such as those for materials and work either prorate with such assignees or take precedence to the rights of the assignees, and such lienors for materials and work have a right to litigate in good faith the question of the validity and proper filing of assignment of moneys from contractors. (Lien Law, §§ 15, 16, 25.)

If this court were to construe subdivision 6 of section 21 of the Lien Law as the petitioners herein contend it should be construed, i. e., as giving to the assignees of money under a contract the same remedy as a contractor, then in many cases persons who properly filed liens for material or work would be put to the disadvantage of seeking the return of moneys by such assignee in order to stamp their lien on such moneys, and thus the lienors for work and material would be handicapped in pursuing the remedies that the law gives them as to the enforcement of their liens.

In reference to the present motion, the papers show that an action has already been brought by a lienor for material, and, therefore, the rights of the alleged assignee, the Bank of Williamsville, may and can be determined in such action. Attention is also drawn to the fact that a scrutiny of the papers on which the order now sought to be vacated was granted does not show that the contract of the petitioner, Britting & Stanz, Inc., with the water commissioners was complete, it being conceded that there was certain work, though of a small quantity, to be performed upon such contract. It is contended by the petitioners herein opposing this application that the rights of the water commissioners are protected by the retention by such commissioners under the terms of the ex parte order of this court of moneys to cover the cost of the completion of the work, but if the work is not completed, the time has not expired within which lienors may file liens for materials or work and thus put themselves in a position to litigate the validity of the assignments by the contractor to the bank.

In view of this court's construction of subdivision 6 of section 21 and its application to the facts herein stated, the moving parties herein may have an order vacating the *ex parte* order of this court which is attacked on this motion.